DYER *against* VANDENBERGH.

IN ERROR, on *certiorari*, from a justice's court. *Vandenbergh* brought an action of *trover* against *Dyer*, in the court below. Plea, the general issue. It appeared from the evidence stated in the return, that the parties met on the road, and some conversation took place between them about the exchange of horses. *V.* agreed to let *D.* have his horse for the mare in question, the exchange to be even, and no questions to be asked. *D.* said his mare was five years old. After the horses were mutually delivered, *V.* said the mare was more than five years old, and he would not exchange, and immediately took back the horse, and the defendant again took the mare in question, declaring at the same time he would sue *V.* And he afterwards brought an action against *V.* before a justice, and recovered ten dollars, the minutes of which trial were admitted by consent.

It appeared that the horse which *V.* had attempted to exchange with *D.* for the mare, was not the property of *V.* but had been intrusted to him by *Freeman* and *Crane*, the owners of the horse, for sale. The jury found a verdict for the plaintiff for 15 dollars, on which the justice gave judgment.

*Per Curiam.* It is very questionable whether what took place between the parties amounted to a valid exchange of horses, so as to pass the property. Admitting, however, there was a valid exchange, the plaintiff below had no right of action. He showed no property in himself, sufficient to maintain *trover;* for he acted in the capacity of an agent for *Freeman* and *Crane.* The horse he let the defendant have was their property, and the property in the *mare* vested in them, if it passed from the defendant by that exchange.(*a*) Besides, the merits of the exchange appear to have been the subject of the former trial between the parties, and ought not, therefore, to be again drawn

V. and D. agreed to exchange horses, and after they had been mutually delivered, V., being dissatisfied with the bargain, immediately took back his horse, and D. likewise took back his, and sued V. before a justice, and recovered ten dollars; V. afterwards bro't an action of *trover* against D. for the horse so exchanged by him, and on the trial it appeared that the horse which V had offered to exchange with D. belonged to C. who had intrusted him to V. to sell; it was held, that admitting there was a valid exchange of horses, in this case, which was very questionable, yet V. had not property sufficient to maintain the action, for the property in the horse of D., if it passed by the exchange, vested in C., and not in V., his agent.

(*a*) Though a mere *servant* has not such a special property as will enable him to maintain trover, yet a bailee or trustee, or any other person who is responsible to his principal, may maintain the action; and the lawful possession of the goods is, *prima facie*, evidence of property. 2 *Saund.* 47. b. c. d. 1 *East*, 244. 4 *East*, 214. Salk. 290. *Cro. Eliz.* 819.

NEW-YORK,
May, 1814.

into question.   Whether that judgment was properly obtained or not, cannot be the subject of inquiry in this case.   The judgment below must be reversed.

Judgment of reversal.